IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL JACKSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-920-NJR-DGW |
| | ) |
| **WEXFORD HEALTH SOURCES (Director), WEXFORD HEALTH SOURCES (Mental Health Director), TERRY WILLIAMS, DR. GARLAND, DR. MARONO, MS. MOSS, MR. ANGUS, MR. ALLIE, MS. DUCKWORTH, WARDEN BEASTEN, DR. KELLY, DR. OBASIS, MS. LARRY, MS. HEART, WARDEN LIMPSKI, DR. BUTLER, DR. BAIGE, DR. SEHASIAN, MR. FRANKLIN, DR. TROST, DR. JOSEPH, OFFICER COX, MS. STEPHANIE, MCCLURE, C/O SLABENS, C/O LEPOSKY, DR. MATTHEWS, MS. THOMAS, MS. MEYERS, DIRECTOR ILLINOIS DEPARTMENT OF CORRECTIONS, Dr. G, and UNKNOWN PARTY,** | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 134), which recommends granting in part and denying in part the Motion for Summary Judgment on the issue of exhaustion of administrative remedies filed by Defendants (Doc. 109). The Report and Recommendation was entered on March 1, 2017. No objections were filed.

Page 1 of 6

Plaintiff Michael Jackson, an inmate in the Illinois Department of Corrections, filed this lawsuit on August 19, 2015 (Doc. 1), asserting that the 32 prison officials named as Defendants violated his constitutional rights. Specifically, Jackson claims that Defendants were deliberately indifferent to his serious mental health and medical needs, that several officials caused him to incur disciplinary sanctions for behaviors caused by his mental illness, and that certain officers used excessive force when they physically assaulted him in June 2015. After an initial review of the Complaint pursuant to 28 U.S.C. § 1915A (Doc. 9), Jackson was permitted to proceed on nine counts.

On August 4, 2016, all Defendants who have entered their appearance filed a joint motion for summary judgment arguing that Jackson failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq.*, prior to commencing this lawsuit (Doc. 109). Defendants argue that Jackson has not exhausted his administrative remedies because he failed to properly file and appeal any grievances concerning Defendants' treatment of his alleged medical and mental health conditions, use of force, or issuance of disciplinary tickets. Defendants assert that Jackson filed only two potentially relevant grievances and, of those two grievances, only one was appealed to the Administrative Review Board ("ARB"). However, because the ARB did not respond to that grievance prior to Jackson filing this lawsuit, he failed to properly exhaust his administrative remedies. Therefore, Defendants argue, Jackson's claims must be dismissed, and the Court should enter summary judgment in their favor.

In response, Jackson argues that he has attempted to file 20 to 30 grievances over the course of his incarceration, but that officers would often refuse or fail to provide him

with grievance forms while he was in segregation. When he did receive a form, he would submit the grievance by addressing it to the Warden and handing it to a correctional officer. Jackson claims he is unaware of any grievance procedures and has never been told that his manner of submitting grievances is incorrect. Jackson claims that from 2010 to the present, he has only received one response to his grievances. Jackson argues that because he did not receive responses to the majority of his grievances, the grievance process was rendered unavailable to him, and he is deemed to have exhausted his administrative remedies. Thus, Jackson argues, Defendants' motion for summary judgment should be denied.

Magistrate Judge Wilkerson held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on February 27, 2017, and issued the Report and Recommendation currently before the Court on March 1, 2017 (Doc. 134). The Report and Recommendation accurately states the nature of the evidence presented, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While a *de novo* review is not required here, the Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Magistrate Judge Wilkerson determined that Jackson was credible in his assertion that he attempted to submit multiple grievances regarding certain claims in this case but that he did not receive responses, thus rendering the grievance process unavailable as to those specific claims.[1] Magistrate Judge Wilkerson also found Jackson credible with regard to his claim that he was told to submit grievances to the correctional officers because he was in segregation, and that no one indicated to him that this manner of grieving his issues was inappropriate. It is not the Court's role at this juncture to second-guess Magistrate Judge Wilkerson's credibility determinations. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations").

Because prison officials failed to submit Jackson's grievances to the appropriate persons, the grievance process was rendered unavailable, and Jackson is deemed to have exhausted his administrative remedies. For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 34), and **GRANTS in part and DENIES in part** the motion for summary judgment on the issue of exhaustion filed by Defendants (Doc. 109). Accordingly, Defendant John R. Baldwin is **DISMISSED**

---

[1] Based on Jackson's testimony at the *Pavey* hearing, Magistrate Judge Wilkerson found that he only exhausted certain claims stated in his Complaint.

**without prejudice.** In addition, the following claims are **DISMISSED without prejudice**:

1. The claims in Count 2 against Defendants Tarry Williams ("Terry Williams") and Michael Lemke ("Warden Limpski");

2. Count 3 in its entirety;

3. The claims in Count 5 against Defendants Dr. Jonathan Kelly ("Dr. Kelly") and Dr. Saleh Obaisi ("Dr. Obasis");

4. The claim in Count 6 against Defendant Dr. Mirza Baig ("Dr. Baige"); and

5. Count 9 in its entirety.

The following claims remain in this suit:

**Count 1:** Eighth Amendment deliberate indifference claim against Defendants Wexford Health Sources (Director and Mental Health Director) for maintaining policies and practices, including the failure to train their employees, that resulted in the denial of mental health treatment to Plaintiff during his incarceration in Western, Pontiac, Stateville, and Menard; as well as his continued placement in segregation as punishment for behavior caused by his mental illness;

**Count 2:** Eighth Amendment claim against Defendant Warden Randy Pfister, for failing to train staff to deal with mentally ill prisoners such as Plaintiff, maintaining a policy of punishing Plaintiff and other mentally ill prisoners for behavior caused by mental illness rather than providing mental health treatment, and failing to provide adequate mental health services to Plaintiff while he was in punitive segregation;

**Count 4:** Eighth Amendment deliberate indifference claims against Pontiac mental health provider Defendants Dr. John Garlick, Dr. Daidra Marano, Andrea Moss, Alton Angus, William Alley, Linda Duckworth, and Matthews, for failing to provide Plaintiff with treatment for his serious mental illness;

**Count 5:** Eighth Amendment deliberate indifference claims against Stateville mental health provider Defendants Dr. Catherine

Larry and Elizabeth Hart, for failing to provide Plaintiff with treatment for his serious mental illness;

**Count 6:** Eighth Amendment deliberate indifference claims against Menard mental health provider Defendants Dr. Sudarshan Suneja, Franklin, Dr. G, Brook Thomas, Cortney Meyers, and Dr. Sylvia Butler, for failing to provide Plaintiff with treatment for his serious mental illness;

**Count 8:** Eighth Amendment excessive force claims against Menard correctional officer Defendants Curtis Cox, Christopher McClure, Joel Slavens, Garrett Leposky, and the Unknown (John Doe) Lieutenant, for beating Plaintiff on June 7, 2015, and/or failing to intervene to stop the beating;

**Count 10:** Eighth Amendment deliberate indifference claims against Menard physician Defendants Dr. John Trost and Joseph, for failing to treat Plaintiff's complaints about blood in his urine and pain in his stomach, side, and back, after Plaintiff's x-rays showed a razor blade inside his body.

**IT IS SO ORDERED.**

**DATED:** March 27, 2017

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**